CLERK'S OFFICE U.S. DIST. COURT
AT LYNCHBURG, VA
FILED
8/5/2019
JULIA C. DUDLEY, CLERK
BY: s/ C. Amos
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
LYNCHBURG DIVISION

| | |
|---|---|
| LAURA G.,[1] *Plaintiff*, v. ANDREW M. SAUL, ACTING COMMISSIONER OF SOCIAL SECURITY, *Defendant*.[2] | CASE NO. 6:18-cv-00040<br><br>MEMORANDUM OPINION<br><br>JUDGE NORMAN K. MOON |

This matter is before the Court on consideration of the parties' cross-motions for summary judgment (dkts. 14, 26), the Report and Recommendation of United States Magistrate Judge Robert S. Ballou (dkt. 21, hereinafter "R&R"), Plaintiff's objections (dkt. 22, hereinafter "Objections"), and the Commissioner's response thereto (dkt. 23, hereinafter "Response"). Pursuant to Standing Order 2011-17 and 28 U.S.C. § 636(b)(1)(B), the Court referred this matter to Judge Ballou for proposed findings of fact and a recommended disposition. Judge Ballou's R&R advised this Court to deny Plaintiff's motion and grant Commissioner's motion. The Court now undertakes a *de novo* review of those portions of the R&R to which Plaintiff objects. *See* 28 U.S.C. § 636(b)(1)(B); *Farmer v. McBride*, 177 F. App'x 327, 330 (4th Cir. 2006). Because the objections lack merit, the R&R will be adopted.

---

[1] The Committee on Court Administration and Case Management of the Judicial Conference of the United States has recommended that, due to significant privacy concerns in social security cases, federal courts should refer to claimants only by their first names and last initials.

[2] Andrew M. Saul became Commissioner of Social Security in June 2019. Commissioner Saul is hereby substituted for the former Acting Commissioner, Nancy A. Berryhill, as the named defendant in this action. *See* 42 U.S.C. § 405(g), Fed. R. Civ. P. 25(d)

## I. Standard of Review

A reviewing court must uphold the factual findings of the ALJ if they are supported by substantial evidence and were reached through application of the correct legal standard. *See* 42 U.S.C. §§ 405(g), 1383(c)(3); *Bird v. Comm'r of SSA,* 669 F.3d 337, 340 (4th Cir. 2012). Substantial evidence requires more than a mere scintilla, but less than a preponderance, of evidence. *Mastro v. Apfel*, 270 F.3d 171, 176 (4th Cir. 2001). A finding is supported by substantial evidence if it is based on "relevant evidence [that] a reasonable mind might accept as adequate to support a conclusion." *Johnson v. Barnhart*, 434 F.3d 650, 653 (4th Cir. 2005) (per curiam). Where "conflicting evidence allows reasonable minds to differ as to whether a claimant is disabled," the Court must defer to the Commissioner's decision. *Id*.

A reviewing court may not "re-weigh conflicting evidence, make credibility determinations, or substitute [its] judgment" for that of the ALJ. *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996) (citation omitted). "Where conflicting evidence allows reasonable minds to differ as to whether a claimant is disabled, the responsibility for that decision falls on the Secretary (or the Secretary's designate, the ALJ)." *Id*. (quoting *Walker v. Bowen*, 834 F.2d 635, 640 (7th Cir. 1987)). "Ultimately, it is the duty of the [ALJ] reviewing a case, and not the responsibility of the courts, to make findings of fact and to resolve conflicts in the evidence." *Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990). Thus, even if the court would have made contrary determinations of fact, it must nonetheless uphold the ALJ's decision, so long as it is supported by substantial evidence. *See Whiten v. Finch*, 437 F.2d 73, 74 (4th Cir. 1971).

## II. Analysis

Plaintiff does not object to the R&R's recitation of the facts or claim history in this case, and for that reason I incorporate that portion of the R&R into this opinion. (*See* R&R at 2-6).

Briefly, Plaintiff filed for supplemental security income under the Social Security Act based on pain in her back, neck, left leg, and right wrist, as well as numbness in her left leg and right wrist, post carpal tunnel release on her left wrist, hypothyroidism, breathing problems, borderline intellectual functioning, and depression. (R&R at 2 (citing R 349, 379, 383)).[3] The ALJ found that Plaintiff was capable of performing work that was available in the economy, and thus, Plaintiff was not disabled. (R&R at 3–4 (citing R 15–16)). The Appeals Council denied Plaintiff's request for review. (R&R at 4 (citing R 1–4)).

Plaintiff lodges four objections to Judge Ballou's R&R. First, she contends that the R&R's conclusion that "the ALJ accounted for [P]laintiff's moderate impairment in concentration, persistence or pace" was erroneous because the ALJ's hypothetical questions to the vocational expert as well has her residual functioning capacity ("RFC") findings "only address [P]lainiff's ability to perform work related activities and not [Plaintiff's] ability to sustain work activity as required" by the Fourth Circuit. (Objections at 1 (citing *Mascio v. Colvin*, 780 F.3d 632, 638 (4th Cir. 2015)). Second, Plaintiff argues that the R&R erred in concluding that substantial evidence supports the ALJ's decision to only give partial weight to Dr. Humphries. (*Id*. at 2–3). Third, Plaintiff contends that the R&R "erred in concluding the ALJ's assessment of [P]laintiff's allegations is supported by substantial evidence." (*Id*. at 4). Finally, Plaintiff objects to the R&R's characterization of Plaintiff's arguments disputing the ALJ's physical RFC findings as "no more than disagreements with the ALJ's RFC determination [that] asks the court to reweight the evidence." (*Id*. at 5).

---

[3] The Court denotes citations to the administrative record as "R" followed by the page number.

### a. Mental Impairments Under SSR 96-8p

In Plaintiff's motion for summary judgment, she argued that the ALJ failed to properly assess her mental impairments as required by Social Security Ruling ("SSR") 96-8p. *See* Titles II and XVI: Assessing Residual Functional Capacity in Initial Claims. The R&R rejected this argument, stating that the "ALJ explained why [Plaintiff's] moderate impairment in concentration, persistence, or pace did not translate into a limitation in the RFC beyond unskilled, simple, routine tasks, with no independent goal setting or decision-making." (R&R at 8). Plaintiff objects to this conclusion, claiming it does not consider the ALJ's failure to question the vocational expert or make RFC findings relating to Plaintiff's ability to *sustain* work. (Objections at 1).

SSR 96–8p "explains how adjudicators should assess" RFC, and "instructs that the [RFC] 'assessment must first identify the individual's functional limitations or restrictions and assess his or her work-related abilities on a function-by-function basis, including functions' listed in the regulations." *Mascio*, 780 F.3d at 636 (quoting SSR 96–8p, 61 Fed. Reg. 34, 474, 34, 475 (July 2, 1996)). SSR 96-8p "further explains that the [RFC] assessment must include a narrative discussion describing how the evidence supports each conclusion." *Id*. (internal quotations omitted). "Remand may be appropriate . . . where an ALJ fails to assess a claimant's capacity to perform relevant functions, despite contradictory evidence in the record." *Id*. (internal quotations omitted). Furthermore, where hypothetical questions posed to a vocational expert match the ALJ's findings regarding RFC, the hypothetical is "incomplete only if the ALJ failed to account for a relevant factor when determining" the RFC. *Id*. at 638

Plaintiff relies heavily on *Mascio* to support her objections. In *Mascio*, the Fourth Circuit found remand appropriate because the ALJ "said nothing about [the plaintiff's] ability to perform

4

[certain functions] for a full workday," leaving the court to "guess about how the ALJ arrived at his conclusions on [the plaintiff's] ability to perform relevant functions". *Id*. at 637. In *Mascio*, the Court also held that "an ALJ does not account for a claimant's limitations in concentration, persistence, and pace by restricting the hypothetical question to simple, routine tasks or unskilled work." *Id*. at 638. However, the Court stated that had the ALJ found that "the concentration, persistence, or pace limitation does not affect [the plaintiff's] ability to work . . . it would have been appropriate to exclude it from the hypothetical tendered to the vocational expert." *Id*. Because the ALJ in that case failed to give such an explanation, remand was in order. *Id*.

As the R&R correctly points out, this is not a case like *Mascio*, "where the ALJ summarily concluded that a limitation to simple, unskilled work accounts for the claimant's moderate impairment in concentration, persistence, and pace without further analysis." (R&R at 8). Here, the ALJ notes Plaintiff's moderate limitations with regard to concentrating, persisting, or maintaining pace. (R 16). The ALJ then completes an analysis of Plaintiff's daily activities, concluding that those tasks require "some concentration, persistence, and/or pace." (*Id*.). Based on these findings the ALJ's RFC analysis states:

> [Plaintiff's] borderline intellectual functioning and concentration deficits support limiting her to unskilled work. However, her negative findings, lack of aggressive treatment . . . and her retained abilities to care for her personal needs, cook, clean, care for her disabled husband, shop, pay bills, handle a checking account, read, watch television, and spend time with her daughter and grandchildren suggest she requires no greater limitations.

R 18. In reaching this conclusion, the ALJ not only relies on Plaintiff's testimony, (R 17–18 (citing R 393–401)), but also the statement prepared by reviewing psychologist Louis Perriot, Ph.D, and his conclusion that the claimant is limited to simple tasks. (R 19 (citing R 196–208)).

5

Given the discussion provided by the ALJ, this Court is not "left to guess about how the ALJ arrived at [her] conclusions." *Mascio*, 780 F.3d at 636. Therefore the Court finds that substantial evidence supports the ALJ's conclusion regarding Plaintiff's RFC. Plaintiff is correct that the R&R did not consider the ALJ's failure to question the vocational expert relating to Plaintiff's ability to *sustain* work. However, that is immaterial because the ALJ is only required to pose hypothetical questions that match the ALJ's finding regarding Plaintiff's RFC. *Id*. at 638 ("[T]he ALJ may find that the concentration, persistence, or pace limitation does not affect [the plaintiff's] ability to work, in which case it would have been appropriate to exclude it from the hypothetical tendered to the vocational expert."). Accordingly, Plaintiff's objection is overruled.

b.  **Opinion of Consultative Examiner**

Plaintiff next objects to the R&R's finding that substantial evidence supports the ALJ's decision to only give partial weight to the opinion of Dr. Humphries. (Objections at 2–3). Plaintiff bases this objection on the R&R's failure to consider that, based upon the same findings cited and relied upon by the ALJ, Dr. Humphries "concluded [P]laintiff can only occasionally reach in all directions, handle, finger, feel, and push/pull with her left upper extremity." (*Id*. at 2 (citing R641)). 20 CFR §§ 404.1527(c), 416.927(c) provide a list of factors to be considered by an adjudicator when weighing a medical opinion. Where there is conflicting evidence the Court may not re-weigh it, nor may the Court "make credibility determinations, or substitute [its] judgment" for that of the ALJ. *Craig*, 76 F.3d at 589 (citation omitted).

Here, the ALJ notes that she affords partial weight to the opinion of Dr. Humphries because "his limitation to the light exertional level is inconsistent with [Plaintiff's] low back pain, residual carpal tunnel issues, and need for a cane." (R 19). The ALJ provides additional

6

evaluation of Dr. Humphries' examination earlier in her opinion, concluding that Plaintiff's "slightly diminished grip strength and weakly positive Tinel's sign support limiting her to frequent handling, fingering, and reaching with the left upper extremity." (R 18). The ALJ also notes that during her consultation with Dr. Humphries, Plaintiff "had intact sensation and was able to perform fine manipulation adequately." (*Id*. (citing R 636–646). While the ALJ did not specifically address Dr. Humphries' finding that "[P]laintiff can only occasionally reach in all directions, handle, finger, feel, and push/pull with her left upper extremity," (Objections at 2), her explanation of Dr. Humphries' exam makes it clear that the she considered his opinion together with other evidence on the record. It is not for this Court to re-weigh the findings or substitute its judgment for that of the ALJ. Because substantial evidence supports the ALJ's decision to give the opinion of Dr. Humphries partial weight, Plaintiff's objection will be overruled.

### c. Subjective Allegations

Plaintiff next objects to the R&R's conclusion that substantial evidence supports the ALJ's consideration of Plaintiff's daily activities. (Objections at 4). Plaintiff offers two bases for this objection: (1) the ALJ's conclusion was based on the erroneous finding that substantial evidence supported the partial adoption of Dr. Humphries' report and (2) the R&R erred in concluding the ALJ's opinion was thorough and applied the appropriate legal standard. (Objections at 4–5). For the reasons explained above, this Court will adopt the R&R's conclusions regarding the ALJ's decision to give partial weight to Dr. Humphries' report. Therefore, the Court finds Plaintiff's first line of reasoning unpersuasive and will turn to the second.

"'An ALJ may not consider the *type* of activities a claimant can perform without also considering the *extent* to which she can perform them.'" *Goins v. Berryhill*, No. 4:17-cv-37, 2019 WL 1418288, at *4 (W.D. Va. March 28, 2019) (quoting *Woods v. Berryhill*, 888 F.3d 686, 694 (4th Cir. 2018) (emphasis in original). Here, the record makes it clear that the ALJ did consider the extent to which Plaintiff claimed she performed daily tasks, ultimately finding that her statements "are not entirely consistent with the medical evidence and other evidence in the record." (R18) (*See Dunn v. Colvin*, 607 Fed.App'x 264, 274-75 (4th Cir. 2015) (Plaintiff's allegations about her pain "need not be accepted to the extent they are inconsistent with available evidence," such as conservative treatment) (internal citations omitted).

Additionally, the record suggests that Plaintiff's activities have increased over time. (*Compare* R 73 (On February 23, 2017 Plaintiff testified that she no longer rests for 50% of the day) *with* R 92 (On June 9, 2016 Plaintiff testified that she spends 50% of her time lying down)). This further supports the ALJ's determination that the medical evidence, such as "negative findings" and "lack of aggressive treatment" is not consistent with Plaintiff's statements concerning "intensity , persistence and limiting effects of [her] symptoms." (R18). This Court finds that the ALJ did apply the appropriate legal standard and Plaintiff's objection is overruled.[4]

### d. Physical RFC and Function-by-Function Analysis

Last, Plaintiff objects to the R&R's conclusion that Plaintiff's "arguments disputing the ALJ's physical RFC findings amount to no more than disagreements with the ALJ's RFC determination and asks the court to reweigh evidence." (Objections at 6). Specifically, she

---

[4] The Court also agrees with the R&R's conclusion that this case is distinguishable from *Brown v. Comm'r*, 873 F.3d 251, 263–64 (4th Cir. 2017). In that case, the ALJ failed to acknowledge the extent of the plaintiff's daily activities or accurately account for medical records and "relied on his own observations and medical judgment in finding that [the plaintiff's] pain was not as limiting as he claimed." In this case the ALJ acknowledges Plaintiff's claims but, based on the record, does not find them consistent with the other evidence available.

states that the R&R failed to "acknowledge the ALJ's reversible error in failing to address whether [P]lainitff would experience episodes of pain from her impairments resulting in breaks or absences, how often they would occur and their impact on [P]laintiff's ability to sustain work activity over the course of a normal workday and work week." (*Id*. at 6–7).

In determining a claimant's RFC, an ALJ must undertake a function-by-function analysis pursuant to SSR 96-8p. As stated above, SSR 96-8p requires the ALJ to "first identify the individual's functional limitations or restrictions and assesses his or her work-related abilities on a function-by-function basis, including the functions listed in the regulations." *Monroe v. Colvin*, 826 F.3d 176, 187 (4th Cir. 2016) (internal quotations omitted). The Fourth Circuit has rejected a "per se rule requiring remand when the ALJ does not perform an explicit function-by-function analysis," instead holding that "[r]emand may be appropriate . . . where an ALJ fails to assess a claimant's capacity to perform relevant functions, despite contradictory evidence in the record or where other inadequacies in the ALJ's analysis frustrate meaningful review." *Mascio*, 780 F.3d at 635 (internal quotations omitted).

Here, the ALJ's opinion provides a discussion of Plaintiff's medical record and specifies how the limitations in the RFC correlate with her impairments. After discussing Plaintiff's medical history the ALJ states:

> [C]onsidering her low back pain, residual carpal tunnel issues, need for a cane, and obese body habitus, I limited her to less than a full range of sedentary work. Her slightly diminished grip strength and weakly positive Tinel's sign support limiting her to frequent handling, fingering, and reaching with the left upper extremity. Her situational asthma supports limiting her exposure to known pulmonary irritants, such as temperature extremes, wetness, humidity, dust, and fumes . . . However, her negative findings, lack of aggressive treatment, i.e., injection therapy or surgery, and her retained abilities to care for her personal needs, cook, clean, care for her disabled husband, shop, pay bills, handle a checking account, read, watch television, and spend time with her daughter and grandchildren suggest she requires no greater limitations.

9

R 18. The ALJ's prior discussion of Plaintiff's limitations makes her bases for these conclusions clear. (*See, e.g.,* R18 citing normal X-rays in May 2012 and July 2016 as well as a "weakly positive Tinel's sign on the left"). Plaintiff claims that the ALJ erroneously failed to determine whether Plaintiff would experience episodes of pain and how that would impact her ability to work. However, Plaintiff does not point to any specific evidence that the ALJ failed to consider. *See Goins,* 2019 WL 1418288., at *4 (overruling Plaintiff's objections to an R&R, noting that "Plaintiff has not pointed to any evidence in the Record that the ALJ *failed* to consider") (emphasis in original). "[T]he ALJ considered Plaintiff's statements about what she can and cannot do, as well as the limited ability she has" and reached a reasonable conclusion. *Id*. Thus, Plaintiff's objection is overruled.

### III. Conclusion

After undertaking a *de novo* review of those portions of the R&R to which Plaintiff objected, the Court concludes that Plaintiff's objections are without merit. Accordingly, I will enter an order overruling her objections, denying her motion for summary judgment, granting the Commissioner's motion for summary judgment, and dismissing and striking this action from the active docket of the Court.

The Clerk of the Court is hereby directed to send a certified copy of this Memorandum Opinion and the accompanying Order to all counsel of record, and to United States Magistrate Judge Robert S. Ballou.

Entered this __5th__ day of August, 2019.

NORMAN K. MOON
SENIOR UNITED STATES DISTRICT JUDGE